Edwin S. Stevens *vs.* Orrin S. Haskell and others, executors of the last will of Going Hathorn.

Waldo.    Opinion May 23, 1881.

*Executors and administrators, actions against.    Stat. 1872, c. 85, sec. 12.
Pleadings.*

In an action against an executor or administrator, the declaration should contain an averment that the claim was first presented in writing, as required by stat. 1872, c. 85, § 12.

ON EXCEPTIONS.

(Declaration.)

"In a plea of the case for that whereas the plaintiff, on the fifteenth day of March, A. D. 1874, was the owner of a certain ·saw mill situated on Sawadabscook stream, in the town of Hampden, of the value of one thousand dollars, and whereas the said Hathorn, then in full life, was in full possession of said mill for the purpose of manufacturing lumber, at a rent of a certain sum per thousand feet, and then and there said Hathorn, by his servants, without any lawful right or permission from the plaintiff, changed the position of the main water wheel of said mill, and the said Hathorn, not minding or regarding his duty in that behalf, then and there by his servants so unskillfully, carelessly and negligently managed and hoisted said water wheel that said water wheel for want of sufficient care and management, as aforesaid,

then and there fell with great force and violence, and was thereby broken to pieces and destroyed.

"And also for that whereas the plaintiff, on the fifteenth day of March, 1874, was the owner of a certain saw mill, situated on Sawadabscook stream, in the town of Hampden, a portion of the machinery in said mill being driven by another and different water wheel, of great value, to wit:—of the value of two hundred dollars, and whereas the said Hathorn then in full life, was in possession of said mill and wheel for the purpose of manufacturing lumber at a rent of a certain sum per thousand feet, and then and there said Hathorn by his servants having the care and management of said mill and wheel not regarding his duty thereof, so unskillfully, carelessly and negligently managed and behaved himself in this behalf, and by his servants carelessly and negligently managed said mill and wheel, that large clubs, sticks and chips flowed into said wheel, and the said Hathorn by his servants carelessly and negligently continued to use said wheel while so filled with clubs, sticks and chips, thereby causing great damage to said wheel.

"And also for that whereas the plaintiff, on the fifteenth day of March, 1874, was the owner of a certain boarding house situated near his mill in the town of Hampden of the value of five hundred dollars and the said Hathorn, then in full life had the care and possession of said house for the purpose of boarding his men while manufacturing lumber at said mill and the said Hathorn by his servants then and there having the care and management of said house not regarding his duty thereof, so unskillfully, carelessly and negligently behaved himself in this behalf, and by his servants so carelessly and negligently managed said house to the damage of said plaintiff as he says in the sum of three hundred dollars."

The defendants filed a general demurrer to the declaration, which was overruled *pro forma,* and the defendants excepted to such ruling.

*George E. Wallace,* for the plaintiff.

*D. D. Stewart,* for the defendants.

WALTON, J.   No action against an executor or administrator, on a claim against the estate, can be maintained, unless such claim is first presented in writing, as required by the act of 1872, c. 85, § 12.   Like every other fact essential to the maintenance of the suit, the notice, or presentation in writing, must be first averred in the declaration, and then proved at the trial.   An averment of this fact is as essential as the averment of any other fact necessary to maintain the action.   A declaration against an executor or an administrator upon such a claim, without such an averment, is defective; and defective, not in form merely, but in substance; for the averment is one that must be proved as well as made.   It is therefore a defect that may be taken advantage of upon general demurrer.   The declaration in this case is, in this particular, defective.   *Eaton* v. *Buswell,* 69 Maine, 552.

*Exceptions sustained.   Declaration*
*adjudged bad.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.